Hear ye, hear ye, this Honorable Appellate Court for the 2nd District is now open. The Honorable Justice Robert D. McLaren presiding, along with Justices Donald C. Hudson and Liam C. Brennan. The case is number 2-19-0860, Anna Maria Ashcroft et al., Plaintiff's Appellants, v. Rockford Memorial Hospital et al., Defendants of Abilese. Arguing for the Appellants, Cynthia Corral. Arguing for the Abilese, Brandy L. Chidova. Thank you. I believe the time allotted is 15-15-10, is that correct, Mr. Kevlin? It's actually 15-15-5 for the rebuttal, Judge. I'm sorry. You're right. Thank you. Before Ms. Corral starts, I'd like to indicate that the panel has reviewed the motion for protective order and the motion is denied. You may proceed with your argument, Ms. Corral. Good morning. May it please the court. This matter came before this court, came before the trial court, and the trial court should not have granted the motion for summary judgment without permission prior to resolve the discovery issues and to permit an extension of the 213F3 schedule as well as an extension of the trial date. In this matter, the plaintiff was advised in June that she needed to file an amended complaint. That order came out of a hearing in which the court asked for status on the completion of discovery. I did not file that amended complaint or leave amended complaint timely. This came before the court again on August 1st. At that time, in another matter, the kingdom matter, the judge also called our case and would be meeting the July 11th, 2019 trial date. Now, this case from the outset had been set 55 days after the scheduled completion of 213F3 discovery. At no time prior to August 29th did plaintiff ever ask for any extension of any of the court orders. The order for the trial was entered very early on in this case. Generally, our courts in Winnebago did not give a trial date until F1 and F2 discovery was completed. When the, on August 1st, the plaintiff was advised in the trial court to file a motion to continue. Contrary to the brief of the appellee, the appellant was not ordered at that time to file a motion for leave to file an amended complaint. Appellee indicates that the appellant failed on three times, three times to file a motion for leave to file an amended complaint and did not do so. What in fact did occur was the June trial, the June order was not complied with. There was not another order, though much has been said about the August 29th date. Due to difficulty, supreme difficulty in being able to get the appropriate discovery in this case, the appellant did not produce her experts on a timely basis. Ms. Corl, if I can interject a question. Do you have any authority that stands for the proposition that the plaintiff's affirmative obligation to name a 213 F3 expert is contingent on the defendant's discovery responses? I do not. Okay. Did you ever name throughout the pendency of the proceedings the expert witness in support of your case? I did not. Why not? Because I needed to sort out a complaint in order to amend it to correspond to the proofs. I tried throughout the case to get the information regarding the other surgeon who provided care to the plaintiff. In fact, it was not until I read the appellee's brief that I saw their admission of the dates or the time frame at which Dr. McCance had provided care. When I went to the court and asked my only request to extend the 213 F3 schedule, the court ordered that I could, actually I also filed my motion for leave to amend. The court at that time ordered that I should disclose and my disclosure, I'm sorry, that I should provide 2622 affidavits to the amended complaint, but then also I was ordered to provide disclosed 213 F3 witnesses on the original complaint. Now the difficulty with that is that by providing experts on the original complaint, they would have argued deviations from the standard of care and causation based on the physicians that were already in the case. Subsequently, if I then was permitted to file an amended complaint and there should have been no reason that I would not have been permitted at that point, then I would have been in the situation that I would be offering standard of care witnesses against the new defendants, which would be Dr. McCance and Heidi Kendall. Ms. Corl? Yes, sir. The amended complaint that you were going to file, wasn't that supposed to be an amended complaint that was going to add parties? Yes, and it did. Was it supposed to add additional factual allegations against the original defendants? It, yeah. Or additional counts against the defendants? The additional counts would be, the counts would be to Dr. McCance and Heidi Kendall. The only way that those would be modified is that the counts against the hospital and the doctor's company under the theory of respondeat superior would be altered because of the fact we would be bringing in Dr. McCance, who was also an agent or employee, and Heidi Kendall, who was also an agent or employee. But as to a separate exact, or going back to reframe and add additional allegations against the original defendants, no. Does that then mean that you would have needed not only expert opinion relative to the original complaint, but an addendum or an additional opinion or opinions from an expert relative to the newly added parties? Exactly, and that is what caused the difficulty. Had I done that to the newly added parties, provided a disclosure, I'm sorry, I was told to provide a disclosure to the original, which would not be the added parties. Providing that disclosure to the original, then by adding parties, if the court permitted me to amend my complaint, would be in a position that my expert, who was disclosed, stating Dr. X, Dr. Y did this, then I would then have another expert saying, oh, and new doctor, Dr. McCance did this. If we then went back just to the original complaint, which eventually we did, because I went through my motion to file amended complaint. If we had gone back to that, then the situation I would have had is where the defendant would be able to take that other set of witnesses and say, isn't it true that this document states Dr. McCance is at fault, where now, or previous, you have indicated Dr. Wasik is at fault? Ms. Carroll, if I could interject a question. With regard to your argument relative to, you've alleged that the court improperly granted the summary judgment motion, did you ever file a response to the defendant's motion for summary judgment? I did not. The motion for summary judgment had not been set for argument. As of the motion for summary judgment and the briefing schedule had been extended by the motion of the defendant to a date that would not have allowed the trial to proceed anyway. And what ended up happening ultimately is that there was a date for status. The following date when we went to court, the motion for summary judgment was not mentioned whatsoever. And then the following date on, which is March 19th, the motion for summary judgment should have come forward on status. And I'd like to, if I may, speak to the issue of any rebellion or contemptuous actions against the trial court. And specifically, I want to state that I do not believe that the appellant should be in a manner that was in any way stubborn or unyielding or inappropriate. However, we did know that the trial court did state that there had been delays, delays, delays, and that the motion for an amended complaint had been repeatedly not complied with. That is not correct. There was one order in June and plaintiff did not, I'm sorry, appellant did not appropriately file that order. However, when the appellee had full knowledge that we could not have gone to trial on this case, another case was set and this court did not rule on my motion to continue the 30 days before the March trial. Ms. Carl, it is true, isn't it, that the trial court did grant you on June 20 or January 23rd, 2019, an additional 30 days to file your rule 23 F3 disclosures, correct? Yes, sir. And that is what I was speaking to. Those disclosures were ordered to be filed on the original complaint. I had not gotten leave to file the amended complaint. I was to file them on the original, which I said would really create quite the burden in proof. I believe that it is also the court, I wanted to resolve the discovery issue. I filed a motion to, for discovery, additional discovery. The defendant filed motions, appellate filed motion to strike the motion to compel on the discovery issue. I understand that. However well-intended your intent was to complete the discovery, I understand your perspective and your argument from your standpoint. I guess what I'm wrestling with, you never actually filed a response to the motion in opposition for summary judgment. You're probably aware the cases are well settled that the failure of the plaintiff to come forward with expert evidence in violation of the standard of care in a medical malpractice case. Summary judgment under those circumstances is proper. Weren't you concerned about not contesting the motion for summary judgment? Well, I was, but the motion for summary judgment also indicated that there was a trial date pending. It was full knowledge and I believed because the appellee was, in fact, collecting the information or told me so. I believed that the court in striking their motion to compel discovery would permit me to do discovery that I needed to address the motion for summary judgment. However, I needed a ruling and I needed the revision of the 213F3 schedule. I also required an extension of the trial date. There was no surprise to the defendant that in any way that there would be 213F3 disclosures or that there would be witnesses. It was a matter of sorting out the facts that they had failed to disclose that Dr. McCants performed medical procedures on the plaintiff at a time when she was not signed into the hospital and that he did those on several occasions. May I ask a question? Yes. Why did you wait three years to file a motion to compel the discovery that you're now complaining about? Well, it wasn't three years total. Only because we were still having ongoing discovery. But when we did complete F1s and F2s, I did go back and file a detailed 201K. I did not file a motion to compel the discovery at that time. Was that a motion pursuant to 201K? There were multiple conferences and I was not able to be provided with the information. In fact, you did not file a motion to compel right away. I did not. Let me ask another question. Back in that January 23rd hearing, the judge asked you, how long do you need to file this F3 as it relates to the defendants in the original complaint? And you told him it wasn't going to be a problem and you could do it within 14 days. You provided the time period for compliance and then you didn't comply. And you didn't file a motion within that time to extend the period for complying. Is that correct? It is correct. However, the court did give me five days in order to do those disclosures on the first complaint. There's never been a F3 on the original complaint, even through the point of summary judgment. Is that correct? There has not been because of my motion for leave to file an amended complaint, which was timely filed. I believe the motion for leave to file an amended complaint, it was very clear that the Kingdom matter was going to proceed on our trial date. You've already answered Justice McLaren's question that the amended complaint, had it been filed, would not in any way have impacted the claims as it relates to the original defendants. And that was the point of the F3 as it relates to the original complaint. However, the difficulty with that would be disclosing those in that first complaint and then having, if the court allowed me to file the amended complaint, then having another set of 213s, which the defense could have used to oppose each other. There was adequate time. We did not have a trial date. The court did not rule on my motion, my August 29th, 2018 motion, until 30 days before the trial date. The trial date had been calendar at one point for another case that counsel and I were both on. I do believe that this case should be tried on the merits that should be returned to the trial court. And the motion for extension on the 213 F3, as I said, the very first motion for any extension in the case indicating no bad faith. It is correct that during those three years, I would have had an opportunity to file and I did not. Your time is up. Would you please close? Yes. I would have had an opportunity to file. I did not do so. However, until the June date, I had not violated any court orders regarding filing an amended complaint. I did violate that once. I did then come in and file the motion to amend and received a discovery order that was not at all what I had asked for and what I've seen in other cases. And I thank you very much for your time. Justice Hudson, do you have any other questions? At this time, I do not. Thank you. Justice Brennan, do you have any other questions? I do not. Thank you. Thank you. Thank you, Ms. Corl. You will have five minutes for rebuttal. Thank you. Ms. Jadova, you may proceed. Thank you. May it please the court, your honors. Brandy Jadova, I represent the appellees which are Rockford Memorial Hospital, Rockford Health Physicians, Rockford Health Systems, Dr. William Cowden, and Dr. Ronald Washek, counsel. As your honors have done today, it is important to sort of weigh through and separate what exactly is the issue here. And the issue in this case is actually a simple one that is well settled under the law. Were plaintiffs given reasonable time and opportunity to disclose a necessary expert prior to the trial court's entry of summary judgment on March 14, 2019? Through all the briefing and the argument today, up to today, even in the appellate court, it seems that plaintiffs are suffering from the apprehension that the courts must afford them unlimited time to an attempt to right a sinking ship. But that's just not the case. It's not the law. And at some point, all litigation must end. The trial court here properly entered summary judgment in favor of defendants because the record was unequivocally clear that after ample time and opportunity, and to put that into actual numbers, three years from filing, 12 months after the initial disclosure deadline, seven months after the motion for summary judgment was on file, and after being given after argument on the motion for summary judgment, which is even more than the second district case law allows for, given additional month and a second deadline, plaintiffs didn't have an expert to support their claims. You can't go to trial if you don't have a meritorious cause of action. And in this cause of action, an expert was necessary to testify as to standard of care and deviation therefrom. At the time that all this was occurring, two published opinions from this court, Bennett v. Ragg and Smith v. Bhattacharya, were on the record. Smith v. Bhattacharya took place in the exact same courtroom with the same trial judge for the first part of this, although he then retired and the ultimate decision was by Judge Hansel, who took his place. I will discuss those cases briefly, although the parallels are fairly clear. In Smith, and I know you have the site, but I'll provide it, 2014 LAP 2D 130891. It's a 2014 case. It was filed pro se without 2622, similar to here. Ultimately, that case was voluntarily dismissed and refiled. In December of 2012, trial was set for January of 2014 and a discovery schedule was entered. Plaintiff had until March 1st of 2013 to disclose experts. In that case, plaintiff timely sought an extension and it was granted to May 6th. The disclosures were not filed. Summary judgment was filed for on May 29th. At a June 21st status, plaintiff's counsel indicated he'd scheduled a meeting with an expert. More than ever happened here. The trial court then set a response date on the motion for summary judgment thereafter for June 26. And the hearing on the motion was set to July 30th. From December to July, the total time frame, there was no expert and summary judgment was granted and this court affirmed. We did not, we, this went on in the underlying court in this case, far greater than those six months. But on very similar facts. Ms. Chidoba, if I could interject. I think we're aware of the authorities you cited and for the propositions that you cited. Ms. Quarle, however, has set forth the argument that despite the fact that she has admitted not naming the expert in a timely manner. She cites three cases, Cameto, Kubian and Smack. The proposition that trial court failed to address changed circumstances. That warranted the denial of summary motion, summary judgment and the reopening of discovery. Can you summarize your response to the cases that you cited? So the cases that she cited, this court also looked at. And really, if you look at all of the case law across all the circuits. The question really becomes or the rule of law becomes at the time that summary judgment is, is, is approached and being argued. Is there any indication? Is there any indication that the person has an expert? Additionally, change of circumstances is the law and the analysis that you go through if there's actually discovery sanction. But if you look at Bennett versus Ragg, as well as Smith versus Bhattacharya, it's clear that merely giving a plaintiff ample time and opportunity. And I'm not being able to come forward with an expert or any inkling of an expert does not raise to the level. It does not fall into the definition of a discovery sanction. It's merely an appropriate ruling on summary judgment. If I may. Here, there were no discovery sanctions unless you, unless you count disallowing citing additional authority for the summary judgment argument. But as it relates to the F3s and discovery prior to that, there were absolutely no discovery sanctions, correct? Correct. There wasn't even a motion to compel. Let me just ask another question that Ms. Corral has brought up. If a court were to allow an amended complaint, adding new defendants, there'd be no argument in that situation to then bar subsequent F3 disclosures as it relates to those new defendants, assuming it was timely. I mean, if the amended complaints allowed, the court's obviously going to have to allow new F3s as well for new defendants. So, a couple of responses to that, or a direct response to that. First of all, each defendant is entitled to be a party in and of itself. So, with respect to the original defendants, there still needed to be an expert that would support those claims. Otherwise, those defendants are entitled to summary judgment. And I think that the trial court attempted to separate those two issues properly. First, giving her additional time to address the expert disclosure as to the initial complaint. Then, with respect to the amended complaint that names new people, that complaint was defective upon its filing. There is no ruling that a court needs to absolutely accept a motion for leave to file an amended complaint that is defective upon its filing. It was defective because it did not have a 2622 report. And at this point, we are not at the beginning of the case where you can immediately get additional time because your statute of limitations is about to expire and you haven't had a chance to speak with an expert. That was written in the law, I presume, to protect lawyers and litigants, plaintiffs, from the situation where someone comes into your office the day before the statute of limitations and says, I think something terrible happened to me. Here's the story. And you get it on file because two years is a bar and then the statute allows for additional time. But that is not the case here. In fact, from the beginning of the case, I can't say for certain whether it was from her first meeting, but at least from plaintiff's deposition, these new allegations with respect to wound care with Dr. McCance and Heidi Kendall were raised. They were raised continuously. And frankly, they were known at the time that the records were provided because one thing that I absolutely disagree with in the facts is that something unknown and uncharted was done. That is separate from the discovery in this case. But ultimately, the biggest thing that matters for the purposes of this appeal is that the motion for leave to file an amended complaint was withdrawn by counsel. It was withdrawn. It was not. Frankly, it was granted to the extent that she was given seven additional days to pull forward, to bring forward a 2622, which should have been able to be done fairly quickly. And I think counsel even said on the record shouldn't be a problem within a short period of time. But ultimately, when we got to the end of those seven days and we were next before the court, she withdrew the motion for leave. And that should serve as a bar, as a choice, as opposed to an adverse ruling from even raising that issue before your honors today, several years later. Would you like me to continue or does anyone else have another question? You've answered my question. Thank you. Okay. So with respect, and so now we've sort of addressed two of the things, maybe three. But ultimately, when you look at this case in a whole, an expert was necessary. The case law was clear. Time and opportunity, no discovery sanction. At some point, the litigation must end. And just like in any type of case, if there's not a meritorious cause of action, summary judgment is appropriate. In this specific realm, under these circumstances, summary judgment was appropriate. The court, frankly, bent over backwards to consider all of these things, which I determine, I deem smoke and mirrors. There wasn't a discovery sanction, but perhaps there could have been for the filing of a motion to compel. Now dealing with discovery that was over a year before and never addressed or moved to compel before a 213 F3 schedule was requested and put into place. Arguments about being, what you're being able, what you're allowed to argue orally when you haven't even filed a written response to any of the briefing on something as important and large as a motion for summary judgment. And or apparently this, this motion for leave that is so important because of all this new information that is not new information that was never even briefed. Instead, at the point that it comes up on the motion for summary judgment, a brief was walked in and began to be read from, and there was an objection. There was, there were more hearings and more briefing on this case and more opportunities than in any of those in the precedent before your honor. And yet we sit here. I believe that Judge Hansel followed the law as it was written, gave more time and opportunity than was even necessary, which was within her discretion. There was no abuse of discretion. There was no discovery sanction. This was just as I started and I will end a very simple issue. Plaintiff did not have an expert. The court told her after argument on motion for summary judgment that then had been pending for seven months, quote, as it stands right now, the motion for summary judgment is well taken. It's appropriate. It's timely. And you don't have anything to combat it. She was given an additional 30 days to find experts on the original complaint. Even before the court, the day before the due date, with no indication and no motion to extend, no indication that it wouldn't be, she would not be able to do so. Additional seven days on this new complaint that, frankly, if we were to follow that down the line, likely would have been dismissed even if it were not defective in Hedge 2622 for statute of limitations. None of the, and then a motion to compel on discovery a year before. None of the actions could have righted the ship or changed the course. At some point, litigation must end. It's something that a judge once told me and I tell my clients when they're tired of it going on. My defendant was entitled to an end to this litigation when it was clear that there was no meritorious case to go to trial. It was plaintiff's burden to bring forth the expert. They were given the time and opportunity. They were not able to do so. The court properly granted summary judgment upon the facts in the underlying case. And that granting of summary judgment should be affirmed. Thank you. Thank you. Justice Hudson, do you have any questions? I do not have any additional questions. Thank you. Justice Brennan, do you have any additional questions? I do not have any additional questions either. Thank you. Thank you. Ms. Corral, you have five minutes for rebuttal. Thank you. At no time did the appellant ask for an unlimited time to have this case go forward. It is noted that on August 29th, when the appellant filed the motion to extend the 213F3 deadline, there was never at any time any response or objection by the appellee. The appellee did not object, did not file a response of pleading. There was no argument set. The court did not hear the motion. The court just directed a short period of time. The court had many other remedies that they could have placed in light of a defendant with no objection on the record. And the defendant also did not object to the motion to extend the trial date. In fact, once the court did, a month and 19 days, did strike the trial date, the appellee came in and filed a motion to reinstate the trial date. So on the February 1st date, they wanted the court to reinstate a March 11th. There were many other things that this court could have done. It does not show that they were on my one request for an extension. I also wanted to do discovery, filed my motion and the court set the motion on my motion to compel. And when the appellee opposed that motion in a written motion against it, the court denied their written motion. So I had every anticipation that this court was going to permit the motion to compel. And the fact that the motion for summary judgment had actually not been sent for argument. Also, I'd like to note that I was not in any way deliberately or willfully not paying attention to this case and not showing up on March 14th. The counsel has indicated that there was an hour and a half delay and I sent substitute counsel. Substitute counsel came in and this was a status date. I was not asking for anything but to have my motion to compel, which is set in two weeks. Just to make certain everything was straight for that. And I did expect the court to set argument on the motion for summary judgment. At that time, I would have had the materials in the motion to compel. Again, without their failure to object and the court had many alternatives. They disposed of this case against the named defendants. The court only allowed a short period of time to get experts, a 28 day time period. And even so, with giving the 28 days to obtain an expert on the first complaint, the original complaint. The trial date could not have gone forward. In fact, the trial date would not have gone forward. Although there are cases that do indicate summary judgment granted where there was no expert disclosed. Those cases also notably always note whether there was a trial date set or not. And in any of the cases that I have referred to, there was not a trial date set. There would be no harm and no prejudice to the appellee. Certainly, she wants this case, wants her client to have their day in court, as does the plaintiff. However, at that time, she should have objected to the motions. And in addition, it was she told the court in another case. Initially, that the March 11th trial date could go to the other case as opposed to this case. And I believe that telegraphed clearly for understanding that we were going to go forward with the motion to compel. I'd collect that information had I had the adequate extension of time. 28 days is very short when I have to get an expert on two alternate theories. So I would have to have my T13F3 be willing to testify on the original complaint, but also have that individual not disclosed on paper, but certainly in agreement with me, that they would also testify to the amended complaint if allowed to be filed. Adequate time was there was plenty of time to do this. Winnebago County only has two judges in civil court. They each have 12 or less trials per year. The date of March 11th had already been taken. It did not interfere with this court's ability to control its calendar. And there was no will. I'm sorry, I'm hearing an echo myself. Your time is up. Thank you. Yes. We ask that this court overturn the decision of the trial court, noting my prior argument and that the case be remanded back so that I may have my motion to compel her disclosed to 13F3 witnesses on whichever complaint and move forward. I thank you very much for your time today. Thank you. Justice Hudson, do you have any questions? I do not have any additional questions. I'd like to thank both counsel for their arguments here this morning. Justice Brennan, do you have any questions? I do not. Thank you. I have maybe one or two. When was the trial date set? The original trial date was set in, I believe, March of 2018 to commence in March of 2019. It was about a year. I'll get that date for you. No, that's OK. When was the motion for summary judgment heard? The motion for summary judgment was heard on March 14th. It was filed on August 15th of 2018. And it was heard without notice of argument on March. Actually, it wasn't actually heard on March 14th, 2019. The court granted it at a status date without argument. So the motion was decided in March and the trial was scheduled in June of the same year. Is that correct? No, sir. The trial was scheduled in March. I'm sorry. I didn't recall the second part of your question. What's the time difference between the grant of the summary judgment and the schedule for trial that you were referring to? OK, so the trial that I was referring to on March 21st, 2018, was set for March 11th, 2019. The motion for summary judgment was, and these are all March dates, was granted on March 14th of 2019. That would have been three days after the beginning of that trial. However, about 27 days before, the court had finally ruled on the August 29th, 2018 motion. If you hadn't named an expert yet, how could the trial proceed when it was placed on the trial calendar a year in advance and thereafter, depositions taken so that the defendants would know what the allegations were that supposedly they were to defend against? And at the motion for summary judgment, which was within the same month of the proposed trial date, you hadn't named an expert yet. So how could they even depose the expert in a timely fashion in order to prepare for trial? Which in some jurisdictions, I believe, means that there's a discovery cutoff and they would not be allowed to discover what your expert was going to say. So now they're going to trial without the ability to defend themselves against the expert that is now going to testify in the same month under the circumstances. Does that make sense to you?  That is why in August of 2018, I filed my motion to continue the 2-13-F-3 schedule. My anticipation and my request was that it be continued until after I was able to obtain the discovery that I needed. It would be anticipated that I would have had at least a 60 or 90-day extension. However, even at that date, August 29, 2018, the trial date would not have been able to move forward. Yes, the appellee certainly is entitled to know what they have to defend against. They are also required to provide full disclosure and to respond to all 201-K efforts, including very long protracted memos. Yes, the case was set a year in advance. Since 2001, I have never had any medical malpractice or nursing home negligence case proceed to trial on the initial trial date that the court set. It has not occurred. There has always been a delay. I felt it was reasonable to ask for additional time for my 2-13-F-3 that was not opposed in any written or oral manner. Respectfully, I understand the concern, but I believe that it would be appropriate to have allowed me to have the extension. Then I would have been able to respond to the motion to summon judgment in an appropriate manner. During that time, one of the reasons the motion for summary judgment took so long to get ruled on is that the appellee herself went in and filed a motion asking for a delay in a briefing schedule on the motion for summary judgment. That is one of the reasons that the motion got put out so far in November of 2018. After filing their motion in August of 2018, they came to me, indicated personal concerns, wanted an ability to reset the oral argument date and to reset the briefing schedule. I agreed to that. The oral argument date was never reset. There was not an oral argument. I do understand that it is the court's discretion to determine whether there is an oral argument. However, I'm also aware of the, I guess, amendment to the original oral argument rules in the appellate court indicating that it is encouraged to allow oral argument in an appellate case. I think the same should have been true in the motion for summary judgment. Ms. Chidova indicated and refreshed my recollection that your motion to file an amended complaint was withdrawn. Is that not correct? That is correct. When I could not get, I'm sorry, it's correct. And therefore, does that not mean or establish that arguments relating to the need for the filing of an amended complaint, additional discovery, and the failure or non-failure to name an expert would basically become moot? I withdrew the amended complaint because I could not get the additional order in time to disclose my 213F3. The court did advise that had I not disclosed by the date certain, I would not be permitted to disclose. However, the court did allow the motion to compel over objection. And I fully anticipated we would be moving forward with a motion to compel. And at that time, I would get the discovery and again, file a motion for leave to file an amended complaint. However, you are correct in the manner you stated that it would moot the issue. Had I not been continuing to pursue the discovery and then would have gone back again to file an amended complaint. Thank you. Justice Hudson, do you have any other questions? I do not have any additional questions, Ms. Correll. Thank you. Thank you. Justice Brennan, do you have any other further questions? I do not. Thank you. Thank you. The case has been heard and we, the court, will take it under advisement and render a disposition in apt time. Thank you for your contributions and your arguments today. Mr. Clerk, you may close the proceedings. Thank you.